IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

UNITED STATES OF AMERICA

v.                                                    No. 4:20-CR-182-O

HEATH ALLEN PAINE (01)

## PLEA AGREEMENT WITH WAIVER OF APPEAL AND NONBINDING RECOMMENDATION PURSUANT TO RULE 11(c)(1)(B)

Defendant Heath Allen Paine, the defendant's attorney, and the United States of America ("the government"), agree as follows:

1.    **Rights of the defendant**: The defendant understands that he has the rights:

    a.    to plead not guilty;

    b.    to have a trial by jury;

    c.    to have his guilt proven beyond a reasonable doubt;

    d.    to confront and cross-examine witnesses and to call witnesses in his defense; and

    e.    against compelled self-incrimination.

2.    **Waiver of rights and plea of guilty**: The defendant waives these rights and pleads guilty to the offense alleged in Count One of the Indictment, charging a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), that is, felon in possession of a firearm. The defendant understands the nature and elements of the crime to which he is pleading guilty, and agrees that the factual resume he has signed is true and will be submitted as evidence.

3.    **Sentence**: The maximum penalties the Court can impose include:

    a.    imprisonment for a period not more than 10 years;

    b.    a fine not to exceed $250,000, or both a fine and imprisonment;

    c.    a term of supervised release of supervised-release term of a maximum of 3 years.    If the defendant violates any condition of supervised release, the Court may revoke such release term and require that the defendant serve any or all of such term as an additional period of confinement;

    d.    a mandatory special assessment of $100;

    e.    restitution to any victims or to the community;

    f.    forfeiture of firearms and ammunition; and

    g.    costs of incarceration and supervision.

4.    **Court's sentencing discretion and role of the Guidelines**:    The defendant understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines.    The guidelines are not binding on the Court, but are advisory only.    The defendant has reviewed the guidelines with the defendant's attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case.    Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the government recommends that the sentence of imprisonment imposed in this case be ordered to run concurrently with any sentence that may be imposed by the State of Texas for pending offenses arising out of the same arrest.    However, the defendant understands that this recommendation is not binding on the Court, and the defendant will not be allowed to withdraw the defendant's plea if the recommendation is not adopted, if the applicable advisory guideline range is higher than

expected, or if the Court departs from the applicable guideline range.    The defendant

fully understands that the actual sentence imposed (so long as it is within the statutory

maximum) is solely in the discretion of the Court.

     5.    **Mandatory Special Assessment**: The defendant agrees to pay to the U.S.

District Clerk the amount of $100, in satisfaction of the mandatory special assessment in

this case.

     6.    **Defendant's agreement**:    The defendant shall give complete and truthful

information and/or testimony concerning the defendant's participation in the offense of

conviction.    Upon demand, the defendant shall submit a personal financial statement

under oath and submit to interviews by the government and the U.S. Probation Office

regarding the defendant's capacity to satisfy any fines or restitution.    The defendant

expressly authorizes the United States Attorney's Office to immediately obtain a credit

report on the defendant in order to evaluate the defendant's ability to satisfy any financial

obligation imposed by the Court.    The defendant fully understands that any financial

obligation imposed by the Court, including a restitution order and/or the implementation

of a fine, is due and payable immediately.    In the event the Court imposes a schedule for

payment of restitution, the defendant agrees that such a schedule represents a minimum

payment obligation and does not preclude the U.S. Attorney's Office from pursuing any

other means by which to satisfy the defendant's full and immediately enforceable

financial obligation.    The defendant understands that the defendant has a continuing

obligation to pay in full as soon as possible any financial obligation imposed by the

Court.

7.    **Forfeiture of property**:    The defendant agrees not to contest, challenge,

or appeal in any way the administrative or judicial (civil or criminal) forfeiture to the

United States of any property noted as subject to forfeiture pursuant to the plea of guilty,

specifically the forfeiture of a Glock, model 27, .40 caliber pistol, serial number

XDK096, and any ammunition recovered with it.    The defendant consents to entry of

any orders or declarations of forfeiture regarding such property and waives any

requirements (including notice of forfeiture) set out in 19 U.S.C. §§ 1607-1609; 18

U.S.C. §§ 981, 983, and 985; the Code of Federal Regulations; and Rules 11 and 32.2 of

the Federal Rules of Criminal Procedure.    The defendant agrees to provide truthful

information and evidence necessary for the government to forfeit such property.    The

defendant agrees to hold the government, its officers, agents, and employees harmless

from any claim whatsoever in connection with the seizure, forfeiture, storage, or disposal

of such property.

8.    **Defendant's testimony**:    The defendant is not obligated by this

agreement to testify in any criminal proceeding related to this case, nor is he required to

provide testimony concerning any other criminal offenses about which he has knowledge.

If he chooses to do so, however, his testimony must be complete and truthful.

Incomplete or dishonest testimony will be a breach of this agreement.

9.    **Government's agreement**:    The government will not bring any additional charges against the defendant based upon the conduct underlying and related to the defendant's plea of guilty.    If, in its sole discretion, the government determines that the defendant has provided substantial assistance in the investigation or prosecution of others, it will file a motion urging sentencing consideration for that assistance.    Whether and to what extent to grant the motion are matters solely within the Court's discretion.

10.    **Violation of agreement**:    The defendant understands that if he violates any provision of this agreement, or if his guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute the defendant for all offenses of which it has knowledge. In such event, the defendant waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, the defendant also waives objection to the use against him of any information or statements he has provided to the government, and any resulting leads.

11.    **Waiver of right to appeal or otherwise challenge sentence**:    The defendant waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his conviction and sentence. He further waives his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. The defendant, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or

(ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of his plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

12. **Voluntary plea**:   This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

13. **Representation of counsel**:   The defendant has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation. The defendant has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement.   Because he concedes that he is guilty, and after conferring with his lawyer, the defendant has concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

14. **Limitation of Agreement**:   This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against the defendant or any property.

15. **Entirety of agreement**:   This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

ERIN NEALY COX
UNITED STATES ATTORNEY

HEATH ALLEN PAINE
Defendant

MARK NICHOLS
Assistant United States Attorney
Texas Bar No. 14997700
801 Cherry Street, Unit #4
Burnett Plaza, Suite 1700
Fort Worth, TX    76102-6897
Telephone:   817-252-5200
Facsimile:     817-252-5455

JOHN STICKNEY
Attorney for Defendant

ALEX C. LEWIS
Deputy Criminal Chief

Plea Agreement - Page 7

I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

_____         _____8/7/2020_____
HEATH ALLEN PAINE                                  Date
Defendant


I am the defendant's counsel. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

_____         _____8/7/2020_____
JOHN STICKNEY                                        Date
Attorney for Defendant